FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 SEP 22 AM 9:52

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| PEGGY M. DUNNAVANT, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CV 00-B-2123-S |
| SOUTHERN NATURAL GAS COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

ENTERED
SEP 22 2003

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Reconsider, (doc. 91),[1] and plaintiff's Motion for Protective Order, (doc. 108). Upon consideration of the record, the submission of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion for Protective Order, (doc. 108), is due to be denied; defendant's Motion to Reconsider, (doc. 91) is due to be granted; and, upon reconsideration, the court's Order on defendant's Motion for Summary Judgment is due to be vacated in part and plaintiff's retaliation claim is due to be dismissed.

---

[1] Defendant entitled its motion, which asks the court to reconsider its previous Order denying defendant's Motion for Summary Judgment as to plaintiff's retaliation claim, as "Defendant Southern Natural Gas Company's Rule 59(e) Motion to Alter or Amend the Court's October 2, 2002 Order with Respect to Plaintiff's Retaliation Claim." (Doc. 91.) Rule 59(e) is not the proper vehicle for seeking reconsideration of a denial of a motion for summary judgment. Rule 59(e) provides for the modification of a final "judgment," and an order denying summary judgment is an interlocutory order. "[B]ecause the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Sweeney v. Alabama Alcoholic Beverage Control Bd.*, 117 F. Supp. 2d 1266, 1268 (M.D. Ala. 2000)(citing, *inter alia*, *Bon Air Hotel, Inc. v. Time*, 426 F.2d 858, 862 (5th Cir. 1970)). Therefore, the court will refer to defendant's "Motion to Alter or Amend" as a "Motion to Reconsider."



## I. **MOTION TO RECONSIDER**

Defendant contends that this court should "reconsider its order denying defendant SNG's motion for summary judgment as to plaintiff's Title VII retaliation claim in order to correct clear error and avoid manifest unjustice [sic]." (Doc. 91 at 2.) The court disagrees with defendant's assertion that its decision to deny its Motion for Summary Judgment was erroneous based on the record before it.

In its Order, the court held that defendant had not carried its burden on summary judgment because it did not provide the evidence necessary to demonstrate that it was entitled to judgment as a matter of law on plaintiff's retaliation claim. The court's Memorandum Opinion stated, in pertinent part:

> SNG essentially argues that plaintiff is not similarly situated to George, because of Cleary and Yardley's high opinion of George and desire to retain him despite the elimination of his position resulting from the merger. However, the only evidence SNG offers as to Cleary and Yardley's opinion of George is Matthews's testimony that they "were impressed with" and had a "high opinion" of George. This testimony, however, is inadmissible. First, Matthews's affidavit provides no basis for inferring that Matthews is competent to testify as to the subjective opinions of Cleary and Yardley. Second, Matthews's affidavit provides no factual basis supporting Matthews's allegations as to the opinions of Cleary and Yardley. Third, there is no indication that Matthews's testimony as to the opinions of Cleary and Yardley is based on personal knowledge other than the blanket statement that the affidavit is based on Matthews's personal knowledge. In the absence of admissible evidence that Cleary and Yardley actually had such a high opinion of George, a reasonable juror could find defendant's articulated reason for retaining George and not retaining plaintiff is a pretext and that the real reason was retaliation.

(Doc. 87 at 47-48.)

The established standard for deciding Motions for Summary Judgment in the Eleventh Circuit requires the moving party to present evidence sufficient to demonstrate that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Summary judgment is appropriate only if the court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Defendant, as the moving party, was responsible for informing the court of the grounds for its motion and specifically identifying those portions of the record evidence that it contended demonstrated the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Coats & Clark*, 929 F.2d at 608. "The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever." *City of Delray Beach, Fla. v. Agriculture Ins. Co.*, 85 F.3d 1527, 1530 (11th Cir. 1996)(citing *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir.1967)).

In its prior Order, the court found defendant did not carry its burden because it had not submitted admissible evidence of its articulated reason for preferring George over plaintiff. Specifically, the court noted that Denise Matthews, who was Director of Human Resources and not the decision-maker, was incompetent to testify as to the motive or reason that the decision-maker, James Cleary, did not select plaintiff for retention after the merger.

3

The court held that defendant had not provided any competent evidence as to the actual reasons why plaintiff was not retained and why Brian George, whose position was also eliminated during the merger, was retained. As defendant did not present admissible evidence of its articulated reason for the challenged decision, the court determined that defendant had not carried its burden on summary judgment.

Nevertheless, "the trial court is free to reconsider and reverse its decision [denying a motion for summary judgment] for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Sweeney v. Alabama Alcoholic Beverage Control Bd.*, 117 F. Supp. 2d 1266, 1268 (M.D. Ala. 2000)(citing, *inter alia*, *Bon Air Hotel, Inc. v. Time*, 426 F.2d 858, 862 (5th Cir. 1970)). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex*, 477 U.S. at 323-24. Because the court finds that defendant's Motion to Reconsider contains sufficient evidence indicating that defendant may be entitled to judgment as a matter of law as to plaintiff's remaining retaliation claim, the court, in the exercise of its discretion, has decided to reconsider its earlier ruling to determine whether, considering the deposition testimony of James Cleary, the decisionmaker, defendant is entitled to judgment as a matter of law on plaintiff's retaliation claim.

## II. **MOTION FOR PROTECTIVE ORDER**

After defendant filed its Motion to Reconsider, plaintiff filed a Motion for Protective Order, (doc 108), which asks the court to exclude the testimony of James J. Cleary, Jim

Yardley, and Bill Cope pursuant to Fed. R. Civ. P. 37(c)(1), because such witnesses were not identified by defendant in its Rule 26 disclosures.

Rule 26 of the Federal Rules of Civil Procedure requires "a party . . . [to] provide to other parties . . . the name and . . . the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). Further, Rule 26 creates a continuing obligation to supplement its disclosures "to include information thereafter acquired," as well as to correct or complete prior disclosures, "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

Rule 37(c)(1) provides that a party who fails to disclose information required by Rule 26(a) or (e)(1), "is not . . . permitted to use as evidence at trial, at a hearing, or on a motion of any witness . . . not so disclosed," unless the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Mid-America Tablewares v. Mogi Trading Co.,* 100 F.3d 1353, 1363 (7th Cir. 1996). In determining whether the failure to disclose was justified or harmless, the court considers "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." (citing *Bronk v. Ineichen,* 54 F.3d 425, 428 (7th Cir. 1995)(citing *Spray-Rite Serv. Corp. v. Monsanto Co.,*

5

684 F.2d 1226, 1245 (7th Cir.1982))); *see also E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993) ("In reviewing district courts' exercise of discretion in excluding expert testimony, we have previously considered the following four factors: (1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply with the court's order, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice."); *United States v. Turner*, 871 F.2d 1574, 1580 (11th Cir. 1989)("Factors for the district court to consider in deciding to impose a sanction include reasons for the delay in complying with the discovery order, whether there was any bad faith on the part of the prosecution, prejudice to the defendant, and the availability of a means to cure the prejudice, including continuances and recesses.").

Defendant contends that it did not discover Cleary's identity as the decisionmaker until it was preparing its Motion for Summary Judgment. (Doc. 121 at 17-18.) Moreover, defendant contends that any failure to disclose was harmless because plaintiff deposed Cleary. (*Id.* at 19.) The court finds that defendant should have disclosed the identity of Cleary, the decisionmaker, (doc. 121 at 13), but the failure to disclose was not done in bad faith or wilfully. However, the court finds that Cleary's testimony is essential to establishing the articulated reason for the decision at issue and that any undue prejudice caused by the defendant's failure to disclose has been cured by allowing plaintiff additional discovery before the date set for filing her opposition to defendant's Motion to Reconsider. (Doc. 121 at 36, 39-49.)

6

Therefore, based on consideration of the record, the court finds that plaintiff's Motion for Protective Order is due to be denied.

### III. SUMMARY JUDGMENT

The court, for the reasons set forth above, has decided to reconsider its ruling on defendant's Motion for Summary Judgment with regard to plaintiff's retaliation claim. For the reasons set forth below, the court determines that defendant's Motion for Summary Judgment is due to be granted and plaintiff's retaliation claim is due to be dismissed.

The gist of the parties' positions with regard to plaintiff's retaliation claim were succinctly set forth in the court's Memorandum Opinion, which stated:

> [Defendant] presents a legitimate, nonretaliatory reason for terminating plaintiff. [Defendant] claims that "[t]he part-time Staff Rate Analyst job [held by plaintiff] was eliminated as part of the El-Paso-SONAT merger." (SNG Brief at 29; *see* Matthews Aff. ¶ 7.) Neither plaintiff nor the other employees in the Rates Department whose jobs were eliminated were offered other positions at [defendant]. (*Id.*) [Defendant] essentially contends that the elimination of the position held by plaintiff had nothing to do with plaintiff's performance, but was simply the result of the merger. Plaintiff argues that there is evidence by which a reasonable juror could infer that [defendant's] articulated reason for terminating plaintiff was pretext for retaliation, because [defendant] found new positions for Upchurch, Gandy, and George – the other employees whose positions were eliminated.

(Doc. 87 at 45.) The court further found that the situations with regard to Upchurch and Gandy did not create pretext as to SNG's articulated reasons for not retaining plaintiff. (*Id.* at 45-46.) However, the court also found that defendant had presented no admissible evidence regarding the reason why George was retained. (*Id.* at 47.) Therefore, the court held, "In the absence of admissible evidence that [the decisionmaker] actually had such a

high opinion of George, a reasonable juror could find defendant's articulated reason for retaining George and not retaining plaintiff is a pretext and that the real reason was retaliation." (*Id.*)

Defendant, in its Motion to Reconsider, relies on the deposition testimony of James Cleary to support its assertion that Cleary, the decisionmaker, placed George in the position of Principal in the Rates Department because of his "high opinion" of George's "aptitude, his intelligence, his presentation skills, his financial acumen," and the fact George had an MBA. (Doc. 91 at 3 (citing Ex. 1 at 60-61, 64-65, 84, 119-20.) The Principal position is a "senior level person," who is "called upon to make presentations to management, do more independent work without supervision and more complex work." (Doc. 49, Ex. 10 at 13-14.) Plaintiff was a part-time Rate Analyst, an entry level position, at the time of her termination. (*See id.* at 42-43.)

The evidence before the court indicates that Cleary decided to eliminate plaintiff's position as part of the merger. Also, Cleary decided to place George in the post-merger position of Principal in the Rates Department because he wanted someone in that position with "very strong financial skills." (Doc. 91, Ex. 1 at 60.) He testified that George had made "at least two presentations" to him and that George "was solid enough to make a very good impression on me in terms of his aptitude, his intelligence, his analytical skills, his presentation skills, his financial acumen, and he was the type of person that I wanted to keep within our company." (*Id.* at 64-65.) He also testified that George had an MBA degree. (*Id.* at 60.)

8

"A plaintiff may overcome the employer's asserted legitimate reasons and avoid judgment as a matter of law 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Taylor v. Runyon*, 175 F.3d 861, 867 (11th Cir. 1999)(*quoting Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir.1997) (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981), *cert. denied, sub nom., Combs v. Meadowcraft Co.*, 522 U.S. 1045 (1998)).

> A plaintiff, relying on evidence that the employer's proffered reasons are unworthy of credence as the basis for an inference of intentional discrimination, will obviously only succeed if there is sufficient evidence for a reasonable person to conclude that the employer's proffered reasons were not the basis for the employment decision. To satisfy this threshold showing of pretext, a plaintiff may discredit the employer's proffered legitimate reasons by showing (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employment decision, or (3) that they were insufficient to motivate the employment decision.

*Walker v. NationsBank of Florida N.A.*, 53 F.3d 1548, 1564 (11th Cir. 1995)(Johnson, J., concurring). "Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000). To avoid summary judgment, plaintiff must submit sufficient non-conclusory evidence that defendant's articulated legitimate reasons were pretextual. *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1471-72 (11th Cir. 1991); *Carter v. City of Miami*, 870 F.2d 578, 585 (11th Cir. 1989). Plaintiff must put forth concrete evidence that casts sufficient doubt on defendant's proffered reasons such that a reasonable

9

fact finder could conclude that those reasons did not actually motivate the employment decisions. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000); *Combs*, 106 F.3d at 1538; *Earley v. Champion Int'l. Corp.*, 907 F.2d 1077, 1083-84 (11th Cir. 1990).

Plaintiff does not dispute that her position was eliminated as a consequence of the merger between Southern Natural Gas and El Paso. She contends, however, that she was not retained after the merger because of her protected activity. As evidence of pretext, plaintiff directs the court to evidence of the following facts: (1) George was offered the post-merger Principal position prior to plaintiff being told that she was severed, (doc. 40, Vol. II, Ex. 5 at 170); (2) Cleary did not offer the Principal position to Debbie Upchurch, who also held an MBA degree, because he did not believe that she would move to Birmingham, (doc. 120 at 56-64); (3) Cleary was not aware if plaintiff or certain other employees had MBA degrees, (*id.* at 123-24); (4) Cleary did not know George's previous job title, (doc. 92 at 62-63); (5) Cleary's favorable impression of George was created by his observation of two presentations, of which he did not recall the specifics, (*id.* at 64); (6) Cleary assessment of George's analytical skills was based on his "sense" of his abilities, (*id.* at 78); (7) George had no prior experience in the Rates Department, (*id.* at 84); and (8) plaintiff received a below-average evaluation, and prior evaluations were used to color-code employees prior to the merger, (doc. 120 at 37-38, 69; Pl. Opp. to Mot. to Reconsider at 6).

"'Discrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent.' When evaluating a charge of employment discrimination,

10

then, [the court] must focus on the actual knowledge and actions of the decision-maker." *Walker v. Prudential Property and Cas. Ins. Co.*, 286 F.3d 1270, 1274 (11th Cir. 2002)(quoting *Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1262 (11th Cir. 2001); citing *Bass v. Board of County Comm'rs*, 256 F.3d 1095, 1105 (11th Cir. 2001)).

Plaintiff's evidence does not demonstrate that Cleary was aware of or considered plaintiff's evaluations in selecting George for the Principal position. Therefore, evidence regarding her below-average evaluation is irrelevant to the issue of pretext.[2] *See Prudential Property*, 286 F.3d at 1274. Plaintiff has not demonstrated that she was more qualified than George or that Cleary knew she possessed the same or similar qualities that he deemed important in his selection of George. Her evidence is inadequate to rebut Cleary's testimony that she was terminated because he decided to eliminate her Analyst position, or that he selected George for the Principal position because of his favorable impression of George's aptitude, intelligence, analytical skills, presentation skills, and financial acumen, based on his observance of George's presentations. Plaintiff's contentions that Cleary was not adequately informed of George's work based on only two presentations and that he did not have sufficient information regarding other employees in the Rates Department is not sufficient evidence to allow a reasonable jury to find that Cleary's reasons for selecting George for the Principal position are a pretext for unlawful retaliation. *See Chapman AI*

---

[2]The court notes, "Negative performance evaluations, standing alone, do not constitute adverse employment action sufficient to satisfy the second element of a prima facie case of retaliation . . . . *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1261(11th Cir. 2001).

*Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000); *see also Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir.1997)("a plaintiff employee may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason" if "the reason is one that might motivate a reasonable employer").

The court finds that there are no disputed issues of fact and defendant is entitled to judgment as a matter of law. Therefore, upon reconsideration, defendant's Motion for Summary Judgment is due to be granted, and plaintiff's retaliation claim is due to be dismissed.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant's Motion to Reconsider, (doc. 91), is due to be granted and the court's Order of September 30, 2002, (doc. 88), is due to vacated in part as to its determination to deny defendant's Motion for Summary Judgment as to plaintiff's retaliation claim. On reconsideration, defendant's Motion for Summary Judgment, (doc. 39), is due to be granted as to plaintiff's retaliation claim, and such claim is due to be dismissed. Plaintiff's Motion for Protective Order, (doc. 108), is due to be denied. A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 22nd day of September, 2003.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge